# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME EDWARD JULIAN,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY STATE PRISON, et al.,<br><br>Defendants. | Case No. 1:23-cv-00013- -SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND, DENYING REQUEST FOR APPOINTMENT OF COUNSEL, AND GRANTING THIRTY DAYS TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 12) |

Plaintiff Jerome Edward Julian is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on January 3, 2023. (ECF No. 1.)

On February 3, 2023, the Court screened Plaintiff's complaint, found no cognizable claims were stated, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.) On March 8, 2023, Plaintiff sought a thirty day extension of time to file the amended complaint, which was granted on March 9, 2023. (ECF Nos. 10, 11.)

On April 4, 2023, Plaintiff filed a motion to amend the complaint and a request for appointment of counsel. (ECF No. 12.)

///
///
///
///

1

# I.

# DISCUSSION

### A. Motion to Amend

Plaintiff's request for leave to amend is unnecessary. The Court previously granted Plaintiff leave to amend his complaint and granted Plaintiff an extension of time. However, Plaintiff cannot amend the complaint by simply submitting numerous exhibits which he contends supports his claims for relief. Indeed, Plaintiff has failed to submit an amended complaint as supplied to with the Court's February 3, 2023 screening order, and his current submission contains no factual allegations, whatsoever.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.2009) (internal quotation marks and citation omitted).

Here, Plaintiff submits that he has "attached copies of Valley State Prisons numerous Dr.'s appointments which clearly 'shows' … how I did become injured at their prison, and the need for additional medical assistance, to a point of their 'transfer[r]ing' me to this CSAFT/State Prison … where the medical care continues, even today." (ECF No. 12.) The remainder of Plaintiff's motion to amend consists of 97 pages of random exhibits including, healthcare service request forms, medical notes, patient discharge instructions, letters to CDCR prison law office, and witness statements. Id. at 4-101.

Plaintiff is advised that when filing a complaint, "evidentiary support is not required ... and attaching numerous exhibits to the complaint does not satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly. To the contrary, it would require the court to comb through the documents in order to guess at plaintiff's claims." Henry v. Vanni, No. 2:12-CV-2828-CMK-P, 2013 WL 6274907, at *4 (E.D. Cal. Dec.

4, 2013). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." Stewart v. Nevada, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

The complaint should also be in numbered paragraph form and comply with the other requirements listed in Federal Rule of Civil Procedure 10. It overall should contain sufficient information to indicate "the who, what, when, where, and how of the misconduct" alleged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted).

Plaintiff's first amended complaint must be a free-standing pleading and will become the operative pleading that supplants the first amended complaint. See Lacey v. Maricopa County, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). It must be complete without reference to the first amended complaint or any superseded pleading. See Local Rule 220. The first amended complaint should be signed; should be titled "First Amended Complaint" in clear, bold type; and should refer to the above case number. The Court does not accept piecemeal pleadings. In light of Plaintiff's deficiencies in seeking to amend the complaint, the Court will grant Plaintiff thirty days to file a complete and proper first amended complaint.

### B. Request for Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel because he has no knowledge of the law and his current medical conditions causes him pain. The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners with limited knowledge of the law almost daily. These prisoner also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, as Plaintiff has yet to state a cognizable claim for relief. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his purported claims. Accordingly, Plaintiff's motion for appointment of counsel will be denied without prejudice.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend is denied as unnecessary;

2. Within thirty (30) days from the date of service of this order Plaintiff shall file an amended complaint in compliance with this order and the Court's February 3, 2023, screening order;

3. The Clerk of Court shall provide Plaintiff with a blank amended civil rights complaint form to facilitate Plaintiff's filing of his first amended complaint;

4. Plaintiff's motion for appointment of counsel is denied, without prejudice; and

5. The failure to comply with this order will result in a recommendation to dismiss the action for failure to state a cognizable claim for relief, failure to prosecute, and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **April 12, 2023**

UNITED STATES MAGISTRATE JUDGE