# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME EDWARD JULIAN,<br>Plaintiff,<br>v.<br>VALLEY STATE PRISON, et al.,<br>Defendants. | Case No. 1:23-cv-00013-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FIALURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 14) |

Plaintiff Jerome Edward Julian is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed April 26, 2023. (ECF No. 14.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true only for the purpose of the screening requirement under 28 U.S.C. § 1915.

Defendants refused to provide the protective measures which created an unavoidable threat to Plaintiff's safety.

On August 3, 2022, the entire B section (hallway and 6 man pod) flooded due to a ruptured pipe. Instead of evacuating the prisoners from the section, Plaintiff was forced to remove in approximately half an inch of water. In an attempt to stop the water from destroying Plaintiff's property, he slipped and fell in the water injuring his head and back. Defendants did not provide Plaintiff with water resistant deck boots such as firefighters which would have prevented Plaintiff from slipping and falling. Defendants also did not send the appropriate personnel who were

equipped with the necessary safety gear to remove the water from the cell. Plaintiff was forced to deal with the half inch of water from approximately 5:30 p.m. on August 3, 2022 until 8:00 a.m. on August 4, 2022, during which time he slipped and fell. When Plaintiff asked officers for assistance, he was told that they called maintenance but there was nothing else they could do.

More specifically, Plaintiff contends that on August 3, 2022, correctional officer Hall failed to notify his superiors that they needed to move Plaintiff and other prisoners to a pod that was not hazardous. On August 4, 2022, correctional officers Sanchez and Garcia also failed to notify their superiors that they need to move Plaintiff and other prisoners to a pod that was not flooded. Both officers advised Plaintiff that maintenance was notified and would arrive soon.

## III.

## DISCUSSION

### A. Hazardous Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate

indifference." Id. (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

In the Ninth Circuit, a slip-and-fall claim is not cognizable unless there are exacerbating conditions. As a court in this district stated in Coleman v. Frauenheim:

> Under the Eighth Amendment, "slippery prison floors...do not state even an arguable claim for cruel and unusual punishment." LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (quotation omitted). Indeed, federal courts have repeatedly rejected Eighth Amendment slip and fall claims. See Oubichon v. Carey, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing Coleman v. Sweetin, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases); Pyles v. Fahim, 771 F.3d 403, 410 & n.25 (7th Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement.")); see also Collier v. Garcia, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (dismissing § 1983 claim alleging prisoner slipped and fell in his cell in a puddle of water from a leaking chase); Aaronian v. Fresno Cty. Jail, 2010 WL 5232969, at *2–*3 (E.D. Cal. 2010) (dismissing § 1983 claim that plumbing leak caused puddle, resulting in plaintiff's slip and fall, as not cognizable); Gilman v. Woodford, 2006 WL 1049739 (E.D. Cal. April 20, 2006) (granting qualified immunity to defendants when prisoner slipped and fell in puddle of water resulting from leaky roof known to defendants), aff'd by 2008 WL 686740 (9th Cir. March 12, 2008) (unpublished memorandum disposition). Therefore, in order state a cognizable claim for relief, there must be a confluence of exacerbating conditions such that the slippery floor posed a serious, unavoidable threat to plaintiff's safety. See Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions; inmate using crutches had repeatedly fallen and injured himself on slippery shower floors); Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (finding prisoner failed to plead any exacerbating conditions which rendered him unable to provide for his own safety).
>
> Plaintiff's allegations that he sustained an injury from a slip and fall demonstrate negligence at most. Although provided with the legal standards, Plaintiff has not pled any conditions that rendered him unable to provide for his own safety, preventing him from

> avoiding puddles or rendering him unable to perceive the slippery conditions. Osolinski, 92 F.3d at 938; Mancinas v. Brown, 2018 WL 1109673, at *2 (E.D. Cal. Mar. 1, 2018) (dismissing prisoner's § 1983 claim that known, ongoing leak caused puddle, resulting in slip and fall).

No. 1:17-cv-01276-DAD-BAM (PC), 2018 WL 246855, at *3 (E.D. Cal. June 1, 2018 (alterations in original).

Plaintiff has not alleged exacerbating conditions. Although Plaintiff claims that he told Defendants about water accumulating on his cell floor and they failed to remedy the condition, he alleges no facts or exacerbating circumstances that could elevate this simple negligence claim into a federal civil rights claim. See Frost, 152 F.3d at 1129; Farmer, 511 U.S. at 835-36 & n.4; Osolinski, 92 F.3d at 938. Without something more than a slippery floor or a flooded cell, Defendants could not have known about an objectively serious condition creating a substantial risk of serious harm. Because Ninth Circuit precedent requires something more than a slippery wet floor, and Plaintiff does not present anything more, his amended complaint should be dismissed for failure to state a cognizable claim for relief.

**C. Leave to Amend**

Given that Plaintiff has not and cannot legally state a cognizable due process claim based on the failure to hold the disciplinary hearing within thirty days and/or for failure to adequately process his inmate grievance. Plaintiff's allegations do not give rise to a constitutional violation and he cannot seek relief by way of section 1983 complaint. Hartmann v. Cal. Dep't of Corr. and Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.") Accordingly, the Court recommends dismissal of the complaint without leave to amend.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

///

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief without leave to amend.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 15, 2023**

UNITED STATES MAGISTRATE JUDGE